UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA                **MEMORANDUM AND ORDER**

    - against -                        10-cr-809 (S-3)(KAM)

CHRISTOPHER BARRET et al.,

    Defendants.
------------------------------------X

**MATSUMOTO, United States District Judge:**

Defendant Omar Mitchell is one of eight defendants charged in a third superseding indictment (the "Superseding Indictment") filed on November 23, 2011. (*See generally* ECF No. 304, Superseding Indictment ("S-3").) In the motions pending before the court, Mitchell moves to dismiss Count Six of the Superseding Indictment, which charges him with using, carrying or possessing; brandishing; or discharging a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) ("Section 924(c)"). (ECF Nos. 333-34, Motion to Dismiss and to File a Bill of Particulars by Omar Mitchell ("Mitchell Mem."), at 1-5.) In the alternative, Mitchell seeks a bill of particulars with respect to Count Six. (*Id.* at 5-6.) For the reasons set forth below, the court denies Mitchell's motions.

# BACKGROUND[1]

Mitchell is named in two of six counts in the Superseding Indictment. Count Two of the Superseding Indictment charges Mitchell and each of his co-defendants with conspiring to distribute and possess with intent to distribute more than 1000 kilograms of marijuana between November 2006 and December 2010, in violation of 21 U.S.C. §§ 841(b)(1)(A)(vii)[2] and 846,[3] and 18 U.S.C. § 3551 *et seq.*[4] (S-3 ¶ 22.) Count Six charges Mitchell and six of his co-defendants with using, carrying, possessing, brandishing and discharging a firearm in furtherance of drug-trafficking crimes between November 2006 and October 2010, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i),[5]

---

[1] The court assumes the parties' familiarity with the alleged facts underlying the Superseding Indictment as presented by the government and outlined by the court in its Memoranda and Orders dated November 16, 2011 and December 21, 2011. *See United States v. Barret*, No. 10-cr-809, --- F. Supp. 2d ---, 2011 WL 5579079, at *2-4 (E.D.N.Y. Nov. 16, 2011); ECF No. 372, Memorandum and Order dated 12/21/2011.

[2] Under 21 U.S.C. § 841(b)(1)(A)(vii), any violation of 21 U.S.C. § 841(a)(1) that involves "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight" is punishable by a term of imprisonment of at least ten years, or at least twenty years "if death or serious bodily injury results from the use of such substance."

[3] 21 U.S.C. § 846 provides that the penalties for conspiracy match those for the substantive underlying offense.

[4] 18 U.S.C. 3551 *et seq.* generally provides penalties for offenses described in any federal statute.

[5] Under 18 U.S.C. § 924(c)(1)(A)(i)-(iii), the use or possession, brandishment and discharge of a firearm in relation or in furtherance of a drug trafficking crime is punishable by a term of imprisonment of at least five, seven, and ten years, respectively.

924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2[6] and 3551 *et seq.* (*Id.* ¶ 26.)

**DISCUSSION**

I.  **Motion to Dismiss**

Count Six is predicated on Section 924(c), which provides, in relevant part:

> [A]ny person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. §§ 924(c)(1)(A)(i)-(iii). Mitchell moves to dismiss Count Six on grounds that it is "impermissibly duplicitous" because it combines into one charge the three separate offenses of (1) using, carrying or possessing, (2) brandishing and (3) discharging a gun. (Mitchell Mem. at 2-3.)

Mitchell claims that the allegedly duplicitous nature of Count Six prejudices him because, *inter alia*, a "[guilty]

---

[6] 18 U.S.C. § 2 provides, in relevant part: "Whoever . . . aids, abets, counsels, commands, induces or procures [the] commission" of an act or "willfully causes an act to be done" against the United States is punishable as a principal.

3

verdict [as to Count Six] may not be unanimous as to the specific allegations combined within the single count." (*Id.* at 4.) In other words, he could be convicted of Count Six if all jurors believe that he violated *some aspect* of Section 924(c), even if they do not all agree on *which particular* aspect (using, carrying or possessing; brandishing; or discharging) he violated. Consequently, Mitchell asserts, a conviction under Count Six would form an improper basis for sentencing and would not protect him against double jeopardy because he would not know which of the three offenses the jury found him to have committed. (*Id.*)

In opposition, the government argues that Count Six is not duplicitous because it charges a continuing crime, and the appropriate unit of prosecution is the underlying drug-trafficking offense. (ECF No. 356, Government's Response to Mitchell's Motion to Dismiss and For a Bill of Particulars ("Gov't Opp'n") at 6.) The government further argues that even if Count Six is truly "impermissibly duplicitous," the less drastic remedy of reformulation is preferred over dismissal, particularly because the Second Circuit has found that duplicity "is only a pleading rule [that] would in no event be fatal to the count." (*Id.* at 5 (quoting *United States v. Droms*, 566 F.2d 361, 363 n.1 (2d Cir. 1977).)

### A. Legal Standard

"[A]n indictment [is] duplicitous 'if it joins two or more distinct crimes in a single count.'" *United States v. Sturdivant*, 244 F.3d 71, 75 n.3 (2d Cir. 2001) (citing *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992)). "The rule against duplicity prohibits the Government from joining two or more distinct offenses in a single count, because if a jury were to return a general verdict on a duplicitous count, it would be unclear as to whether the defendant was found guilty of only one crime and not the other, or guilty of both." *United States v. Coffey*, 361 F. Supp. 2d 102, 109 (E.D.N.Y. 2005) (citing *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980)).

A single count that alleges commission by a defendant of a crime by several means is not duplicitous, however. *Coffey*, 361 F. Supp. 2d at 110 (citing *Murray*, 618 F.2d at 899 & n.7). Section 924(c) sets forth an offense that can be committed in three different ways: by (1) using, carrying or possessing; (2) brandishing; or (3) discharging a firearm in furtherance of a drug-trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A)(i)-(iii). The Second Circuit has explained that "[w]here there are several ways to violate a criminal statute," as is the case with Section 924(c), "federal pleading *requires* . . . that an indictment charge [be] in the conjunctive to inform

5

the accused fully of the charges." *United States v. Mejia*, 545 F.3d 179, 207 (2d Cir. 2008) (quoting *United States v. McDonough*, 56 F.3d 381, 390 (2d Cir. 1995) (emphasis added)); *see* Fed. R. Crim. P. 7(c) ("A count may allege . . . that the defendant committed [the offense] by one or more specified means.").

Notably, "[d]uplicitous pleading . . . is not presumptively invalid," *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006), nor does it necessarily require dismissal of an indictment. *Sturdivant*, 244 F.3d at 79. The Second Circuit "has long held that acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *Olmeda*, 461 F.3d at 281 (citation omitted). Furthermore, in seeking to avoid prejudice to the defendant, courts can employ alternatives that are less drastic than dismissal, such as instructing the jury that it must be "unanimous as to the conduct underlying the conviction." *Sturdivant*, 244 F.3d at 79.

### B. Application

Count Six of the Superseding Indictment charges Mitchell and certain of his co-defendants with "knowingly and intentionally us[ing] and carry[ing] one or more firearms during

6

and in relation to one or more drug trafficking crimes . . . which firearms were brandished and discharged." (S-3 ¶ 26.) Contrary to Mitchell's assertions, Count Six does not "join[] two or more distinct crimes in a single count." *Sturdivant*, 244 F.3d at 75 n.3. Rather, it alleges that each of the named defendants committed *one* crime (*i.e.*, use of a firearm in relation to drug trafficking) by several means (*i.e.*, using, carrying or possessing; brandishing; or discharging). *Coffey*, 361 F. Supp. 2d at 110. Therefore, Count Six is not duplicitous. *Id*.

Moreover, assuming *arguendo* that the three means by which Section 924(c) can be violated constitute separate crimes, the inclusion of all three crimes in a single count is proper here. The Second Circuit has held that "the appropriate unit of prosecution [of firearms offenses charged under Section 924(c) is] the underlying drug-trafficking offense," not each separate firearm used or each incident in which a firearm was used, carried or possessed; brandished; or discharged in connection with the drug-trafficking conspiracy. *United States v. Lindsay*, 985 F.2d 666, 674 (2d Cir. 1993). Consequently, "[o]nly where the defendant commits multiple drug-trafficking crimes or violent crimes, and the government can link the firearms to those crimes, may the government prosecute for multiple violations of [Section] 924(c)." *Id*. (internal citations

7

omitted).  Here, with respect to Mitchell, the government has charged one underlying drug-trafficking offense--the conspiracy set forth in Count Two, which constitutes a "single continuing scheme." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989).  Therefore, even if carrying, using or possessing; brandishing; and discharging a firearm in relation to drug trafficking constitute three distinct crimes, inclusion of all three crimes in Count Six is proper.  *See id.* at 1141 ("[A]cts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme.").

Mitchell correctly states that a jury could find him guilty of Count Six if it finds that he possessed a gun in relation to drug trafficking, even if it finds that he neither brandished nor discharged the gun.  (Mitchell Mem. at 4.)  For the reasons stated above, however, this does not make Count Six duplicitous.  Nor does it indicate that the government has "improperly attempt[ed] to swe[pt] together multiple offenses in one count," as Mitchell contends.  (*Id*. at 5.)  Where, as here, a single criminal charge is brought against Mitchell pursuant to a statute that can be violated in more than one way, a conviction of that charge "will be sustained if the evidence indicates that the statute was violated in *any* of the ways charged."  *Mejia*, 545 F.3d at 207 (quoting *McDonough*, 56 F.3d at

8

390) (emphasis added); *see United States v. Schiff*, 801 F.2d 108, 114 (2d Cir. 1986) (quoting *United States v. Cioffi,* 487 F.2d 492, 499 (2d Cir. 1973) ("[I]t appears settled that indictments worded in the conjunctive, charging violations of statutes worded in the disjunctive, can be supported by proof of either of the conjoined means of violating the act.")). In *United States v. Canady*, 126 F.3d 352 (2d Cir. 1997), for example, the Second Circuit held that that although one count in an indictment "charge[d] that [defendant] use[d] *and* carr[ied] the gun, [the defendant] could properly be convicted under § 924(c) if . . . [he] either used or carried a firearm in connection with the underlying drug trafficking crime." *Id*. at 357 n.2 (internal citations and quotation marks omitted).

In addition, the doctrine of duplicity "must be invoked only when an indictment affects the policy considerations that underlie that doctrine," which include

> avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

*United States v. Margiotta*, 646 F.2d 729, 733-34 (2d Cir. 1981). Although Mitchell cites each of those concerns, the court finds

9

that they are either unfounded or will be adequately remedied through jury instructions and the use of a special verdict sheet.

First, the use of a special verdict form will eliminate the risk that (1) a general verdict of guilty would conceal a less-than-unanimous finding of guilty as to one aspect of Section 924(c), and (2) Mitchell would not be protected against double jeopardy in a subsequent prosecution. The special verdict form will require jurors to specify each of their unanimous findings as to whether Mitchell (1) used, carried or possessed; (2) brandished; or (3) discharged firearms in violation of Section 924(c). Consequently, Mitchell will be fully apprised as to the jury's verdict regarding each of the grounds upon which a conviction Section 924(c) can be based. In addition, the special verdict form will provide a basis for appropriate sentencing. *See United States v. Chalmers*, 410 F. Supp. 2d 278, 285 (S.D.N.Y. 2006) (noting special verdict form can adequately address policy concerns set forth in *Margiotta*).

Second, the inclusion in Count Six of all three possible means by which Section 924(c) can be violated gives Mitchell adequate notice as to the charges brought against him. Because Section 924(c) can be violated in three ways, the conjunctive form of allegations in Count Six apprises Mitchell of the nature of the charge. *See McDonough*, 56 F.3d at 390

10

("Where there are several ways to violate a criminal statute . . . . federal pleading requires . . . that an indictment charge [be] in the conjunctive to inform the accused fully of the charges."). Moreover, Count Two sets forth the distinct period (November 2006 through December 2010) during which Mitchell is alleged to have used, carried or possessed; brandished; or discharged a firearm in relation to the charged drug-trafficking conspiracy. (S-3 ¶ 22.)

Third, jury instructions will adequately address Mitchell's concern that "the verdict may not be unanimous as to the specific allegations combined within the single count." (Mitchell Mem. at 4.) The court will instruct the jury that in order to find a defendant guilty of Count Six, the jury must (1) unanimously agree that the defendant used, carried or possessed a gun; and/or (2) unanimously agree that the defendant brandished a firearm; and/or (3) unanimously agree that defendant discharged a firearm, in relation to the charged drug trafficking offense. *See Sturdivant*, 244 F.3d at 74-75, 79-80 (approving use of "a jury instruction that ensures that the jury is unanimous as to the conduct underlying the conviction" to address prejudice concerns caused by duplicitous charge); *see also Harris v. United States*, No. 09-CV-4380, 2010 WL 2710600, at *2 (E.D.N.Y. July 6, 2010) (finding no duplicity-related prejudice in trial against defendant facing Section 924(c)

charge because "the jury instructions not only clearly specified the elements of the three potential ways to commit the [Section] 924(c) offense but also explicitly required that the jury be unanimous as to one of the three ways").

Accordingly, the court denies Mitchell's motion to dismiss Count Six on grounds of impermissible duplicity because the charge is not duplicitous.  In the alternative, even if Count Six were duplicitous, the court would deny Mitchell's motion because the duplicity will not prejudice him in light of the court's use of a special verdict form and the jury instructions set forth *supra*.

## II.  Motion for Bill of Particulars

Mitchell also moves for a bill of particulars with respect to Count Six on grounds that he is "not on notice of precisely what charge to defend [against]" because "[a]t least seven people are aggregated together over a nearly four-year span [and allegedly] involved in a range of varied conduct" in Count Six.  (Mitchell Mem. at 5-6.)  The particulars Mitchell seeks primarily relate to the "date, time and place" that Mitchell is alleged to have used and carried, brandished or discharged a firearm in furtherance of the charged drug-trafficking conspiracy.  (*Id*. at 6.)  Mitchell also requests information regarding whether any firearm that he allegedly used, carried or possessed; brandished; or discharged is

currently in the government's possession, and if so, Mitchell seeks the date, time and place in which the government recovered any such firearm. (*Id.*)

The government urges the court to deny Mitchell's motion for a bill of particulars on grounds that the government has already furnished adequate information regarding Count Six through the Superseding Indictment, the complaint, "extensive discovery provided by the government to date and the government's pre-trial motions." (Gov't Opp'n at 9.)

**A. Legal Standard**

A defendant may seek a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) in order to (1) "identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial"; (2) "to prevent surprise"; and (3) "to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). The district court has discretion to decide whether to grant a bill of particulars. *Id*. at 574 (citing *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984)).

Notably, "[a] bill of particulars is required 'only where the charges of the indictment are so general that they do

13

not advise the defendant of the specific acts of which he is accused.'" *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (quoting *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *overruled on other grounds as recognized by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010)). Therefore, the court may deny a motion for a bill of particulars "if the information sought by defendant is provided in the indictment or in some acceptable alternate form." *Bortnovsky*, 820 F.2d at 574; *see also United States v. Rigas*, 258 F. Supp. 2d 299, 305 (S.D.N.Y. 2003) (no bill of particulars is warranted where "the Indictment, discovery, and other information provided by the government adequately notify Defendants of the charges against them"); *United States v. Barnes*, 158 F.3d 662, 665-66 (2d Cir. 1998) (finding district court did not abuse its discretion by denying a bill of particulars to defendants where the government had already provided "extensive additional information" regarding their alleged involvement in the charged offenses "so as to enable them to understand the nature of the charges against them, to prepare a defense, and avoid unfair surprise at trial").

Moreover, numerous courts in this Circuit have cautioned that "[a]cquisition of evidentiary detail is not the function of the bill of particulars." *Torres*, 901 F.2d at 234; *see also United States v. Larracuente*, 740 F. Supp. 160, 163 (E.D.N.Y. 1990) ("A bill of particulars is not to be viewed as a

14

discovery device to seek and compel disclosure of the Government's evidence prior to trial."); *United States v. Feola*, 651 F. Supp. 1068, 1123 (S.D.N.Y. 1987), *aff'd without opp.*, 875 F.2d 857 (2d Cir. 1989) (noting that "courts have refused to treat a bill of particulars as a general investigative tool for the defense, or as a device to compel disclosure of the Government's evidence or its legal theory prior to trial").

Accordingly, "[t]he applicable standard for whether a bill of particulars should issue is not whether the information sought would be helpful to the defense, but whether it is necessary." *United States v. Batista*, No. 06-CR-265, 2009 WL 910357, at *9 (E.D.N.Y. Mar. 31, 2009); *see also Torres*, 901 F.2d at 234 ("The function of a bill of particulars is to provide [the] defendant with information about the details of the charge against him if this is *necessary* to the preparation of his defense, and to avoid prejudicial surprise at the trial.") (emphasis added) (internal quotations omitted); *United States v. Triana-Mateus*, No. 98 CR. 958, 2002 WL 562649, at *5 (S.D.N.Y. Apr. 15, 2002) ("In deciding a motion for a bill of particulars, '[t]he important question is whether the information sought is necessary, not whether it is helpful.'") (quoting *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990)). In determining whether a defendant has shown such necessity, the trial court "must examine the totality of

15

the information available to the defendant, including the indictment and general pre-trial discovery." *United States v. Solomonyan*, 452 F. Supp. 2d 334, 349 (S.D.N.Y. 2006) (internal citation omitted).

### B. Application

Having reviewed the totality of information available to the defendant--including the Superseding Indictment, the criminal complaint filed on October 8, 2010, the affidavits in support of the search warrants, the letters that accompanied the government's discovery disclosures to date and the government's *in limine* submissions (*see* ECF Nos. 1, 219, 234–37, 255, 274, 299 and 336)--the court finds that a bill of particulars is not warranted.

In so ruling, the court is mindful that it "cannot compel the government to disclose, through a bill of particulars, 'the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence and legal theories, lest the defendant tailor his testimony to explain away the [g]overnment's case.'" *Batista*, 2009 WL 910357, at *9 (quoting *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993)); *United States v. Conley*, No. 00 CR 0816, 2002 WL 252766, at *4 (S.D.N.Y. Feb. 21, 2002) ("The Government is

not required to provide information that would, in effect, give the Defendant a preview of the Government's case before trial.") Moreover, the court finds that "[w]hat defendant seeks is in the nature of the 'wheres, whens, and with whoms' that Courts have held to be beyond the scope of a bill of particulars." *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) (citation omitted).

Count Six of the Superseding Indictment tracks the language of the relevant statute and specifies the dates (between November 2006 and October 2010) and the location (within the Eastern District of New York and elsewhere) where Mitchell is alleged to have violated Section 924(c). (S-3 ¶ 26.) Moreover, the government has advised Mitchell that "it is the government's theory that each of the defendants charged not only regularly possessed firearms throughout the course of the conspiracy, but that they are also liable under a *Pinkerton* theory of liability for firearms possessed by their co-conspirators." (Gov't Opp'n at 10.) Furthermore, the government's *in limine* submissions are replete with detailed references to specific instances in which Mitchell and certain of his co-defendants allegedly possessed, brandished and discharged firearms in furtherance of the charged drug-trafficking conspiracy. (ECF No. 299, Government's Motions *in*

*Limine*, at 6-12; ECF No. 336, Reply to Government's Motion *in Limine*, at 5-6.)

In light of the foregoing, the court finds that the government has adequately notified Mitchell regarding the nature of the firearms charge set forth in Count Six and that the government's disclosures to date allow Mitchell to properly prepare a defense, and avoid surprise at trial and double jeopardy concerns.  Accordingly, the court denies Mitchell's motions for a bill of particulars.

## CONCLUSION

For the foregoing reasons, the court denies Mitchell's motion to dismiss Count Six of the Superseding Indictment.  The court also denies Mitchell's motion for a bill of particulars.

SO ORDERED.

Dated: December 27, 2011
Brooklyn, New York

            _____/s/_____
            **KIYO A. MATSUMOTO**
            United States District Judge
            Eastern District of New York