UNITED STATES DISTRICT COURT        **NOT FOR PUBLICATION**

EASTERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA            **MEMORANDUM AND ORDER**

     - against -                10-cr-809 (S-4)(KAM)

CHRISTOPHER BARRET et al.,

     Defendants.

------------------------------------X

**MATSUMOTO, United States District Judge:**

     On November 23, 2011, defendant Omar Mitchell filed a motion to suppress his alleged post-arrest statements. (*See* ECF No. 305-1, Pre-Trial Motions by Omar Mitchell ("Mitchell Mem.") at 5.) On November 29, 2011, Mitchell submitted an affidavit based on personal knowledge that raised a disputed material factual issue warranting a hearing regarding the validity of any waiver he may have signed before making statements while in custody. (*See* ECF No. 319, Declaration in Support of Motion to Suppress by Omar Mitchell ("Mitchell Aff.").)

     The court held a suppression hearing on December 16, 2011, during which the court heard testimony from a government witness and admitted into evidence as Government Exhibit 1 Mitchell's signed waiver of rights. (*See* Minute Entry dated 12/16/2011.) Mitchell and the government declined to submit post-hearing briefing and the court denied Mitchell's motion to

1

suppress based on the testimony and evidence received at the hearing. (*Id*.) Due to a technical failure that was recently discovered, however, the suppression hearing was not recorded. (*See* Order dated 12/20/2011.) The government and Mitchell subsequently executed a stipulation as to certain testimony and evidence at the hearing. (*See* ECF No. 400-1, Stipulation ("Stip."); ECF No. 400-2, Advice of Rights Form ("Ex. 1").) Accordingly, this Memorandum and Order memorializes the court's December 16, 2011 oral decision denying Mitchell's motion to suppress.

## BACKGROUND

### I. Mitchell's Affidavit

Mitchell asserts that he was arrested in connection with the instant prosecution at the office of his supervising probation officer in Bridgeport, Connecticut on September 22, 2011. (Mitchell Aff. ¶ 2.) Following his arrest, he was questioned by several law enforcement officers and given a form to sign. (*Id*. ¶¶ 3-4.) Mitchell's affidavit states that when he informed one of the officers that he could not read and requested that the form be read to him, the officer told Mitchell that the form was a warrant for Mitchell's arrest. (*Id*. ¶ 4.) Mitchell's affidavit also states that the officer also told Mitchell "in an exasperated tone that if [Mitchell]

2

did not want to talk to them, he did not have to." (*Id.*) Mitchell states that at the time, he signed the form and placed his initials as instructed, but learned only after meeting with his attorney that he had actually signed a waiver of his *Miranda* rights. (*Id.* ¶ 6.) Consequently, Mitchell asserts that although he signed the waiver, he did not have a meaningful appreciation of the rights listed on the waiver, such as his legal right to remain silent or the fact that anything he said could be used against him. (*Id.* ¶ 8.)

## II. Evidence Received At the Suppression Hearing

The government and Mitchell stipulate that during the December 16, 2011 suppression hearing, New York State Police Trooper Roger Fortune testified that on September 22, 2011, he participated in Mitchell's arrest at the offices of Mitchell's probation officer in Connecticut. (Stip. ¶¶ 1-2.) At the suppression hearing, Trooper Fortune further testified that he observed Postal Inspector James Buthorn read to Mitchell the entirety of an "Advice of Rights" form, which Trooper Fortune identified, and the court admitted, as Government Exhibit 1.[1] (*Id.* ¶ 2; Ex. 1.) Furthermore, Trooper Fortune testified that after Inspector Buthorn read the listed rights aloud, Mitchell (1) indicated that he understood each of those rights;

---

[1] The court received Government Exhibit 1 into evidence at the suppression hearing. (*See* Minute Entry dated 12/16/2011.)

3

(2) initialed and signed the "Advice of Rights" form; (3) agreed to speak with law enforcement officers; and (4) appeared to comprehend what was said to him during subsequent questioning and responded appropriately. (*See* Stip. ¶ 2.)

## DISCUSSION

### III. Legal Standard

"*Miranda* instructs generally that an uncounseled statement made by a defendant during custodial interrogation should be suppressed from use by the government in its case-in-chief unless the prosecution proves that the suspect voluntarily waived his right to counsel and privilege against self-incrimination." *United States v. Gaines*, 295 F.3d 293, 297 (2d Cir. 2002) (citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). "More specifically, when the government seeks to admit such statements at trial, it must prove by a preponderance of the evidence that the defendant relinquished his rights voluntarily with a full awareness of the rights being waived and the consequences of doing so." *Id.* (citing *United States v. Male Juvenile*, 121 F.3d 34, 39 (2d Cir. 1997)). "If . . . a defendant is not advised of his *Miranda* rights prior to making his custodial statement, an irrebuttable presumption of compulsion arises and the state cannot show that the suspect

4

waived his rights voluntarily." *Id.* at 298 (citing *Oregon v. Elstad*, 470 U.S. 298, 307 (1985)).

There is "no *per se* rule that bars oral or implicit waivers." *Id.* at 297 (citing *North Carolina v. Butler*, 441 U.S. 369, 373 (1979)). Rather, a court must make a case-by-case determination based upon the totality of the circumstances." *Id.* at 297-98. The "totality of circumstances" includes whether the defendant was advised of his *Miranda* rights orally or in writing; whether the defendant acknowledged his understanding of the rights; whether the defendant appeared to be under the influence of drugs or alcohol; and whether the defendant appeared to understand and respond to an investigator's questions. *See United States v. English*, 293 F. App'x 39, 41 (2d Cir. 2008).

## IV. Application

Under the totality of the circumstances, the court finds that Mitchell knowingly and voluntarily waived his *Miranda* rights following his arrest. The court notes that "the inability of an accused to read or write is a factor to be considered in deciding the voluntariness of a confession. But that inability by itself does not mean a suspect cannot make a knowing, intelligent and voluntary waiver of his right to remain silent." *Gaines*, 295 F.3d at 296.

In *Gaines*, a district court found that an illiterate individual knowingly and voluntarily waived his *Miranda* rights upon receiving credible testimony from a detective that (1) he read to defendant from a Treasury Department form that spelled out the *Miranda* warnings in detail, and (2) defendant verbally acknowledged his understanding of the rights read to him. 295 F.3d at 298-99. The Circuit Court noted that it "would be preferable to have physical evidence supporting [the detective's] testimony, such as [defendant's] signature of acknowledgment," but found no error in the district court's finding. *Id*. at 299.

In the instant case, Trooper Fortune's testimony, which the court found credible, established that Inspector Buthorn read the list of rights in Government Exhibit 1 to Mitchell and that the defendant acknowledged his understanding of each of those rights both verbally and by initialing and signing the "Advice of Rights" form. During the suppression hearing, the court was satisfied that Mitchell was advised of and acknowledged all of his *Miranda* rights based on Trooper Fortune's testimony and the court's review of Government Exhibit 1, which lists each *Miranda* right and is initialed and signed by Mitchell. (*See* Ex. 1.) Accordingly, the court denied Mitchell's motion to suppress his post-arrest statements.

## **CONCLUSION**

For the foregoing reasons, the court denied Mitchell's motion to suppress his post-arrest statements during the suppression hearing on December 16, 2011.

SO ORDERED.

Dated: December 31, 2011
Brooklyn, New York

                                                  _____/s/_____
                                                **KIYO A. MATSUMOTO**
                                                United States District Judge
                                                Eastern District of New York