```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA            **MEMORANDUM AND ORDER**


        - against -                 10-cr-809 (S-4)(KAM)


CHRISTOPHER BARRET et al.,

            Defendants.

-----------------------------------X
```

**MATSUMOTO, United States District Judge:**

        Presently before the court is the government's motion *in limine* to preclude cross-examination of Task Force Officer ("T.F.O.") Dustin Genco of the Drug Enforcement Administration, New York Drug Enforcement Task Force, regarding four substantiated Civilian Complaint Review Board ("CCRB") complaints against T.F.O. Genco during the course of his duties as a New York City Police Department ("NYPD") detective. (Gov't Mem., dated 1/19/2012, at 1.)

  **A. Summary of Substantiated CCRB Complaints**

        A CCRB complaint filed against T.F.O. Genco in 2001 claimed, *inter alia*, that he (1) used physical force and hit the complainant against a vehicle; (2) spoke rudely to the complainant; and (3) searched the complainant even though he was no longer under arrest. The CCRB found that each of these claims was substantiated. (CCRB 200108240 Case Closing Form at

1

1-15.)  T.F.O. Genco was subsequently found not guilty after an administrative trial before the NYPD's disciplinary court.

A CCRB complaint filed against T.F.O. Genco in 2004 claimed, *inter alia*, that he: (1) abused his authority and used excessive force by stopping, frisking and searching the complainant at gunpoint without reasonable suspicion; and (2) refused to provide his name and badge upon request.[1]  The CCRB found that each of these claims was substantiated.  (CCRB 200404751 Case Closing Form at 1-9.)  Subsequently, T.F.O. Genco was found not guilty after an NYPD disciplinary court trial.

A CCRB complaint filed against T.F.O. Genco in 2005 and found substantiated in 2006 claimed, *inter alia*, that he threatened to use and used force against the complainant by striking him on the side of the head with an open hand even though the complainant was handcuffed and did not pose a threat to then-Detective Genco.  (CCRB 200513910 Case Closing Form at 1-9.)  Disciplinary action was not imposed.

A jointly filed CCRB complaint filed against T.F.O. Genco in 2007 claimed, *inter alia*, that while off-duty, he used (1) threatened to arrest one complainant even though he had no probable cause to arrest her; and (2) used discourteous language

---

[1] Although the government's memorandum indicates that the CCRB "also found that T.F.O. Genco used discourteous language," the CCRB Case Closing Form states that the allegation that then-Detective Genco made remarks to the complainant based on race was unfounded.  (*See* CCRB 200404751 Case Closing Form at 9.)

2

against both complainants during the incident. The CCRB found that both of these claims were substantiated. (CCRB 200717545 Case Closing Form at 1-7.)

   **B. The Government's Motion**

The government contends that the substantiated CCRB complaints do not constitute proper impeachment material pursuant to Federal Rule of Evidence 608(b) ("Rule 608(b)") because they do not relate to the issues to be resolved at trial and are irrelevant to T.F.O. Genco's character for truthfulness. (Gov't Mem. at 3.) In opposition, defendant Scarlett argues that a substantiated finding of "abuse of authority" by a member of law enforcement bears on credibility and therefore is proper grounds for cross-examination. (Scarlett Mem., dated 1/20/2012, at 1-2.)

   **C. Cross-Examination Regarding Incidents Underlying Substantiated CCRB Complaints**

"Under Rule 608(b), the court has discretion to permit or deny a line of inquiry on cross-examination." *United States v. Cruz*, 894 F.2d 41, 43 (2d Cir. 1990) (citing *United States v. Pedroza*, 750 F.2d 187, 195 (2d Cir. 1984)); *United States v. Lawes*, 292 F.3d 123, 131 (2d Cir. 2002) ("The scope and extent of cross-examination are generally within the sound discretion of the trial court, and the decision to restrict cross-examination will not be reversed absent an abuse of

discretion.") (quoting *United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993)).

The Second Circuit recently held that a CCRB report could not have been probative of a law enforcement witness's truthfulness or untruthfulness where the underlying conduct involved no dishonesty. *United States v. Horsford*, 422 F. App'x 29, 30 (2d Cir. 2011). Other courts have found that the type of conduct underlying the substantiated complaints previously brought against T.F.O. Genco do not bear on credibility.

In *United States v. Stone*, No. 05 CR 401, 2007 WL 4410054, at *1 (E.D.N.Y. Dec. 14, 2007), another court in this district held that the substance of a CCRB complaint – which included allegations that a police officer abused his position by conducting an unauthorized vehicle search, failed to provide his name and shield number to the driver, and used rude and profane language – was not probative of truthfulness or untruthfulness, and therefore not proper grounds for cross-examination under Rule 608(b). The *Stone* court further found that an allegation that the police officer assaulted an individual during an off-duty altercation did not bear on credibility. *Id.*; *see Lawes*, 292 F.3d at 131-32 (affirming district court's decision to preclude defendant from cross-examining law enforcement witness regarding CCRB citation for use of excessive force in an unrelated case); *see also United*

4

*States v. Nelson*, No. 10 Cr. 414, 2011 WL 2207584, at *1 (S.D.N.Y. June 3, 2011) (precluding cross-examination regarding substantiated CCRB complaint alleging that officer used abusive language in unrelated incident "because the allegations in the CCRB complaint do not bear on the Officer's character for truthfulness or untruthfulness").

In the instant case, T.F.O. Genco's prior substantiated complaints do not involve conduct that bears on credibility. Accordingly, the court precludes defendants from cross-examining T.F.O. Genco regarding the incidents that underlie the substantiated and unsubstantiated CCRB complaints.

**D. Cross-Examination Regarding Prior Findings of Credibility**

"Rule 608(b) of the Federal Rules of Evidence vests the district courts with discretion to permit cross-examination into specific instances of conduct if the conduct is probative of [that witness's character for] truthfulness or untruthfulness." *United States v. Cedeño*, 644 F.3d 79, 82 (2d Cir. 2011) (internal quotation marks omitted). "While a district court may impose reasonable limits on cross-examination to protect against, *e.g.*, harassment, prejudice, confusion, and waste, it must also give wide latitude to a defendant in a criminal case to cross-examine government witnesses." *Id*. (internal citations and quotation marks omitted).

The Second Circuit in *Cedeño* articulated seven non-exhaustive factors for courts to consider in determining the probity and relevance of a prior incident in which a court has criticized a witness's testimony as unworthy of belief: (1) "whether the prior judicial finding addressed the witness's veracity in that specific case or generally"; (2) "whether the two sets of testimony involved similar subject matter"; (3) "whether the lie was under oath in a judicial proceeding or was made in a less formal context"; (4) "whether the lie was about a matter that was significant"; (5) "how much time had elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness"; (6) "the apparent motive for the lie and whether a similar motive existed in the current proceeding"; and (7) "whether the witness offered an explanation for the lie and, if so, whether the explanation was plausible." *Id*. at 82-83.

The court acknowledges that the CCRB is not a court and does not conduct judicial proceedings, and that the CCRB's investigations and determinations are made in non-adversarial proceedings during which the officer is not under other, is not given an opportunity to confront his accuser, and is not represented by counsel.[2] Nevertheless, upon weighing the seven factors set forth in *Cedeno* as they apply to the facts before

---
[2] For an extended discussion regarding the CCRB Complaint Process, *see Nelson*, 2011 WL 2207584, at *3.

6

the court, the court finds that they weigh in favor of permitting limited cross-examination regarding the fact that CCRB investigators found incredible certain statements made by T.F.O. Genco during the course of their investigations.

The first and second factors do not weigh in favor of permitting cross-examination because the CCRB investigators did not indicate that in general, T.F.O. Genco lacks capacity for veracity, and the statements T.F.O. Genco made during the CCRB investigations do not relate to the subject matter about which he is expected to testify in the instant trial. With respect to the third factor, the court acknowledges that certain of T.F.O. Genco's statements were not under oath and were made during the course of a CCRB investigation, which is a less formal context than a judicial proceeding. Nevertheless, the court finds that the investigation at issue was conducted under the auspices of an official process and was sufficiently significant to have apprised T.F.O. Genco of his duty to respond truthfully.

The court finds that the fourth and fifth factors weigh in favor of permitting the cross-examination because T.F.O. Genco's statements to CCRB investigators related to significant matters involving the public's trust in law enforcement officials, and T.F.O. Genco's statements were found to lack credibility in at least four investigations over the last decade. The sixth factor weighs against permitting the

cross-examination because T.F.O. Genco's apparent motive to speak untruthfully during the CCRB investigations (to protect his personal and professional interests from disciplinary action) differed from any motive he might have to lie in the instant proceeding (to explain the circumstances of the arrest of defendant Scarlett and the recovery of a firearm). The seventh factor does not apply here because there is no indication of whether T.F.O. Genco has offered an explanation for the statements that CCRB investigators found incredible.

On balance, the court finds that limited cross-examination regarding the fact that CCRB investigators found that certain of his interview statements regarding substantiated complaints lacked credibility is proper. To the extent that CCRB investigators did not find T.F.O. Genco credible during the course of their investigations regarding any of the underlying claims that were ultimately substantiated, the court will permit cross-examination regarding those facts. Defendants shall in no event, however, mention or refer the specific incidents underlying each of the substantiated complaints, for the reasons stated *supra* in Section C.

## CONCLUSION

For the foregoing reasons, the court (a) precludes defendants from cross-examining T.F.O. Genco regarding the incidents underlying the substantiated CCRB complaints and (b)

allows defendants to cross-examine T.F.O. Genco regarding the fact that CCRB investigators did not find T.F.O. Genco credible during the course of their investigations with respect to statements he made related to claims that were ultimately found to be substantiated.

SO ORDERED.

Dated: January 23, 2012
Brooklyn, New York

                                              _____/s/_____
                                              **KIYO A. MATSUMOTO**
                                              United States District Judge
                                              Eastern District of New York